[No. 2671.   Sept. 24, 1921.]

LOPEZ v. STATE HIGHWAY COMMISSION et al.

SYLLABUS BY THE COURT.

Where an act of the Legislature, authorizing the issuance and sale of debentures, is validated by the adoption of a proposed amendment to the Constitution, an appeal which raises the question of the constitutionality of the statute, which might be meritorious but for the amendment to the Consti-

tution so adopted, will not be considered after the curative amendment has been adopted by vote of the people.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Action by Celso Lopez against the State Highway Commission of the State of New Mexico and others as members thereof and C. U. Strong as State Treasurer. Demurrer to complaint sustained, and plaintiff appeals. Appeal dismissed.

J. O. Seth, of Santa Fe, for appellant.

H. S. Bowman, Attorney General, and A. M. Edwards, Assistant Attorney General, for appellees.

OPINION OF THE COURT.

ROBERTS, C. J. By chapter 153, Laws 1921, the Fifth State Legislature passed an act authorizing and directing boards of county commissioners to levy taxes for each of the years 1921, 1922, and 1923 for the construction and improvement of public highways, and to meet dollar for dollar allotments to the state of federal funds under the Federal Aid Road Act (U. S. Comp. St. §§ 7477a-7477i), which tax, when collected, was to be paid into the state treasury and credited to the state road fund. The act in question authorizes the State Highway Commission to anticipate the tax so directed to be levied and collected by the issuance and sale of debentures, which should be payable out of the proceeds of the tax realized under the act in question. The State Highway Commission was proceeding to issue debentures under said act to the amount of $800,000, when on August 11, 1921, appellant filed suit in the district court of Santa Fe county to enjoin such commission from issuing and selling such debentures. Appellant was a taxpayer and brought the suit on behalf of himself and all other taxpayers similarly situated, alleging that the act under which said debentures were about to be issued was unconstitutional and void, and that the tax levied

would be a lien and incumbrance upon the property of the taxpayers in the state. The act was alleged to be unconstitutional because: (1) .It violated sections 7 and 8 of article 9 of the State Constitution. Section 7 authorized the state to borrow $200,000 in the aggregate to meet casual deficits or failures in revenue, or for necessary expenses, etc. Section 8 prohibited the contracting of any other debt save as authorized by section 7 without a vote of the electors of the state, which it was alleged had not been complied with. (2) That the act was void because the same attempted to extend the taxing power beyond the biennial term of the Legislature. (3) That the tax levies provided for by said chapter were levies for state revenues, and void because in excess of the four-mill limit prescribed by section 2 of article 8 of the Constitution. (4) That the act was void because the debentures by it authorized were not mentioned in the title of the act. A demurrer to the complaint was filed and sustained by the court below. Appellant stood on the complaint and appealed. The case was argued and submitted to this court on September 7, 1921.

The same Legislature which enacted the law in question submitted to the people for adoption or rejection constitutional amendment No. 11, proposing an amendment to the Constitution by adding as follows, viz.:

"Laws enacted by the fifth Legislature authorized the issue and sale of state highway bonds for the purpose of providing funds for the construction and improvement of state highways and to enable the state to meet and secure allotments of federal funds to aid in construction and improvement of roads, and laws so enacted authorizing the issue and sale of state highway debentures to anticipate the collection of revenues from motor vehicle licenses and other revenues provided by law for the state road fund, shall take effect without submitting them to the electors of the state, and notwithstanding that the total indebtedness of the state may thereby temporarily exceed one per centum of the assessed valuation of all property subject to taxation in the state. Provided,

that the total amount of such state highway bonds payable from proceeds of taxes levied on property outstanding at any one time shall not exceed two million dollars. The Legislature shall not enact any law which will decrease the amount of the annual revenues pledged for the payment of state highway debentures or which will divert any of such revenues to any other purpose so long as any of the said debentures issued to anticipate the collection thereof remain unpaid." See Laws 1921, p. 478.

By an act of the same Legislature it was provided that this proposed constitutional amendment, together with others, should be submitted to a vote of the people at a special election to be held September 20, 1921. The attorney for appellant and appellee herein have this day filed a stipulation in the case, under which it is stipulated and agreed that the election provided for was held upon the date named, and that at such election a majority of the electors voted in favor of the adoption of proposed constitutional amendment No. 11. The official count of the votes has not yet taken place, but it is a matter of common knowledge that the amendment was overwhelmingly adopted, and in view of the stipulation it will be accepted as a fact by the court. Such being the case, and these debentures having been by such amendment validated and ratified, their constitutionality is not open to debate. The debentures thus being unquestionably valid under this amendment to the Constitution, it will serve no useful purpose to discuss the questions raised in appellant's brief. For this reason the appeal will be dismissed; and it is so ordered.

PARKER, J., and LIEB, District Judge, concur.